UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOANN BOOKER,

               *Plaintiff,*

– against –

JASMINE DELEROSA; JASON'S LAUNDRYMAT; OMEGA LLC CONSRUCTION MANAGEMENT; PETER KRAKOWSKI,

               *Defendants.*

**MEMORANDUM & ORDER**
24-cv-02292 (NCM) (ARL)

**NATASHA C. MERLE**, United States District Judge:

*Pro se* plaintiff Joann Booker filed this action against Jasmine Delerosa, Jason's Laundrymat, Omega LLC Construction Management, and Peter Krakowski. Compl., ECF No. 1. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted for the limited purpose of this Order. Appl. Proceed IFP, ECF No 2. Plaintiff also moves to appoint counsel to represent her in this action. Mot. Appoint Counsel, ECF No. 5. For the reasons stated below, plaintiff's complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff alleges that defendants have subjected her to "identity theft, grand larceny, defamation of character, social media Instagram, FB, Snapchat." Compl. at 4.[1] Specifically, plaintiff alleges that "all defendants are tied into identify theft," and that "since 9/21/21 my identity was stolen by Jasmine Delerosa up till this day as of 3/28/24 money, license, clothing etc. . . . [h]as been compromised again." Compl. at 5, 6. Plaintiff

---

[1] Page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

1

seeks "15,000 dollars for each . . . to add up to since money, clothing, identity/still being stolen." Compl. at 5. Plaintiff includes no specific allegations as to defendants Jason's Laundrymat, Omega LLC Construction Management, and Peter Krakowski.

Plaintiff asserted nearly identical allegations in a prior action currently pending in this Court. In *Booker v. Dept. of Social Services* ("*Booker I*"), plaintiff alleged that defendant Delerosa had assaulted her, unlawfully obtained her personal information and property, and damaged her property. No. 2:23-cv-4888 (E.D.N.Y.), Am. Compl. 6, ECF No. 6; Letter 2–3, ECF No. 14. Plaintiff further alleged that Omega LLC Construction Management failed to change the locks on her apartment, which resulted in her property being stolen, and that Jason's Laundrymat lost her clothing. *Booker I*, Am. Compl. at 9–10. The Court twice dismissed the claims in *Booker I* against defendants Delarosa, Jason's Laundrymat, and Omega LLC Construction Management for lack of subject matter jurisdiction, providing plaintiff leave to amend her complaint in the interim. *Booker I*, ECF Orders dated Sept. 26 and Nov. 22, 2023.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

2

(per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

## DISCUSSION

### I.   Subject Matter Jurisdiction

Federal courts are limited in the subject matter of cases they can hear. There are two types of federal subject-matter jurisdiction: federal question jurisdiction, which requires a claim based on a federal law, *see* 28 U.S.C. § 1331, and diversity jurisdiction, which requires a lawsuit with a value of greater than $75,000 and in which no defendant resides in the same state as the plaintiff, *see* 28 U.S.C. § 1332. If the Court "determines it lacks subject matter jurisdiction," it must "'dismiss the complaint in its entirety.'" *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) and citing U.S. Const. art. III, § 2).

Plaintiff's allegations of identity theft, grand larceny, and defamation arise under state law. The complaint is devoid of any indication that plaintiff seeks relief for claims based on federal law. Plaintiff therefore fails to assert a basis for the Court's federal question jurisdiction. Plaintiff also does not sufficiently allege diversity jurisdiction because all parties are citizens of New York, according to the addresses provided in the complaint, and the alleged amount in controversy is below the $75,000 requirement. *See* Compl. at 2, 5. Accordingly, the Court must dismiss this action for lack of subject matter jurisdiction.

### II.   Denial of Leave to Amend

*Pro se* litigants should be liberally granted leave to replead. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013). The Court should allow a *pro se* plaintiff

3

leave to amend its pleading "at least once" so long as "a liberal reading of the complaint gives an[] indication that a valid claim might be stated" if "reframe[d]." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citations omitted). However, where the grounds for dismissal are "substantive" such that "better pleading will not cure" them, the Court should not grant leave to amend because amendment would be "futile." *Id.*

Here, plaintiff made nearly identical allegations in a prior action before this Court, *Booker I*. The only discernable difference is the addition of defendant Krakowski in this action.[2] The Court considered plaintiff's claims in *Booker I*, dismissed those claims for lack of subject matter jurisdiction, provided leave to amend, and dismissed the amended claims again for lack of subject matter jurisdiction.[3] Plaintiff therefore has already been provided the opportunity to amend her claims in *Booker I*, and the pleading in this action represents a third attempt by plaintiff to bring these alleged state law claims in federal court. *See Baptiste v. Doe*, 680 F. Supp. 3d 186, 193 (N.D.N.Y. 2023) (dismissing action without leave to amend "because the complaint represents plaintiff's third unsuccessful attempt to articulate legally cognizable claims against defendants").

Furthermore, plaintiff has not indicated a basis for federal jurisdiction in any of her three pleadings—the initial and amended complaints in *Booker I* and the complaint

---

[2] In fact, the complaint in this action includes the following note: "[r]un concurrent with case 2:23-cv-04888-NCM-ARL added [r]ecipients." Compl. at 1. To the extent plaintiff has indicated an intent to add defendant Krakowski to her ongoing action, *Booker I*, she must do so pursuant to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15, 20, 21.

[3] With respect to defendants Delerosa, Jason's Laundrymat, and Omega LLC Construction Management, the Court cautions plaintiff against any attempt to circumvent an order of this Court by filing new actions against these defendants with nearly identical allegations or claims that have now been dismissed in both *Booker I* and this action.

4

in this action—even when construed liberally. This is more than inartful pleading. The Court cannot hear cases over which it has no jurisdiction. Because plaintiff has provided no indication that she intends to bring claims over which the Court has jurisdiction, granting plaintiff leave to amend her pleading would be futile. Accordingly, the Court declines to grant plaintiff leave to amend her complaint.

## CONCLUSION

The complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff's request for the Court to appoint counsel is denied. The Court finds that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. 28 U.S.C. § 1915(a)(3); *see Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court is respectfully directed to enter judgment, close this action, mail a copy of this Order to plaintiff, and note the mailing on the docket.

**SO ORDERED.**

                                                            */s/ Natasha C. Merle*
                                                            NATASHA C. MERLE
                                                            United States District Judge

Dated:       June 27, 2024
                Brooklyn, New York